By the Court.
It is admitted that the question presented is to be determined by the provisions of the act of March 1, 1869 (66 O. L., 21) amending section 17 of an “act regulating descents, etc,” The section thus amended is as follows: ,
*47 “Nothing in this chapter shall be so construed as to affect the right which any person may have to any estate by curtesy or in dower, in any estate of anyx deceased person, and surviving husbands whether there be issue born during the coverture or not, shall be entitled to the estate of their deceased wives by the curtesy; provided, however, if any deceased wife leaves issue or legal representative of such issue by a former marriage, her surviving husband shall not be entitled to an estate by the curtesy in the interest of .such issue, or legal representative of such issue, in her estate, unless the estate came to the deceased wife, by deed of gift from the surviving husband, or by devise or deed of gift from his ancestors, ’ ’
Counsel for the defendants in error contend, and the circuit court held, that in a ease presenting the facts here found the phrase “a former marriage” in the proviso of the act should be read “a former husband.” That position is not well taken. The terms of the statute are entirely free from ambiguity. It is not a remedial statute indicating a purpose to which the natural meaning of some of its terms may be deemed subordinate. It is a legislative declaration of a rule of public policy whose clearly expressed terms should be enforcd by the courts. The surviving husband is entitled to curtesy as against the child of the second marriage, but to no interest whatever as against the children of the former marriage.

Judgments of the circuit court reversed, and cause remanded to the court of ‘common pleas for further proceeding in accordance with this opinion.